# **<u>EXHIBIT A</u>**

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   22-SCCV-093964

CRAWFORD, TAMEKA

**PLAINTIFF**

**VS.**

IZEFOVYCH, KUFLYK
WERNER ENTERPRISES, INC.
ACE AMERICAN INSURANCE COMPANY

**DEFENDANTS**

## SUMMONS

TO: WERNER ENTERPRISES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David Dozier**
**Dozier Law Firm**
**487 Cherry Street**
**Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of February, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-SCCV-093964</u>

CRAWFORD, TAMEKA

---

**PLAINTIFF**

**VS.**

IZEFOVYCH, KUFLYK
WERNER ENTERPRISES, INC.
ACE AMERICAN INSURANCE COMPANY

---

**DEFENDANTS**

**SUMMONS**

TO: ACE AMERICAN INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David Dozier**
> **Dozier Law Firm**
> **487 Cherry Street**
> **Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of February, 2022.**

Clerk of State Court

---

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-SCCV-093964</u>

CRAWFORD, TAMEKA

---

**PLAINTIFF**

<b>VS.</b>

IZEFOVYCH, KUFLYK
WERNER ENTERPRISES, INC.
ACE AMERICAN INSURANCE COMPANY

---

**DEFENDANTS**

<b>SUMMONS</b>

TO: IZEFOVYCH, KUFLYK

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David Dozier**
> **Dozier Law Firm**
> **487 Cherry Street**
> **Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of February, 2022.**

Clerk of State Court

_____

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
FEB 28, 2022 05:51 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

      Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

Civil Action No. _____

---

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Tameka Crawford, by and through her undersigned attorneys of record, and files this, his Complaint for Damages, and respectfully showing this Honorable Court the following:

### 1.

The Defendant Kuflyk Izefovych is a resident Wake County, North Carolina; however, he is subject to the venue and jurisdiction of this Court under O.C.G.A. § 9-10-33.

### 2.

The Defendant Werner Enterprises, Inc. (hereinafter referred to as "Werner") is a common/contract motor carrier, as defined by the Georgia Motor Carrier Act, that maintains its principal place of business in Omaha, Nebraska and at all times relevant to this Complaint for Damages, was and is a joint tortfeasor with the Defendant Kuflyk Izefovych, subjecting it to the venue and jurisdiction of this Court in accordance with O.C.G.A. § 14-2-510.

### 3.

The Defendant Ace American Insurance Company is a foreign insurance company that maintains a registered agent in Gwinnett County, Georgia, who at all times relevant to this

1

Complaint for Damages provided insurance to the Defendant Werner, a common/contract motor carrier, subjecting it to the venue and jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112, 40-1-117.

### 4.

Defendant Kuflyk Izefovych, at all times relevant to this Complaint for Damages, was and/or is the employee and/or agent of Defendant Werner.

### 5.

At all times relevant to this Complaint, Defendant Kuflyk Izefovych was acting within the course and scope of his employment or agency relationship with Defendant Werner.

### 6.

Defendant Werner is vicariously liable to Plaintiff for all damages sustained as a result of the negligence of the Defendant Kuflyk Izefovych under the doctrine of *respondeat superior*.

### 7.

At all times relevant to this Complaint for Damages, the tractor trailer that Defendant Kuflyk Izefovych was operating was and is used to move persons or goods for profit.

### 8.

Defendant Werner is engaged in the transportation of persons or property as a common motor carrier, as defined by the Georgia Motor Carrier Act.

### 9.

At all times relevant to this Complaint for Damages, the tractor trailer owned by the Defendant Werner and operated by the Defendant Kuflyk Izefovych was and is insured by Ace American Insurance Company.

10.

On or about February 23, 2020, on Spring Street at or near its intersection with Interstate 16 in Bibb County, Georgia, the Defendant Kuflyk Izefovych negligently operated a tractor trailer, proximately and foreseeably causing a collision with a vehicle in which the Plaintiff was a lawful and innocent passenger.

11.

The Defendant Kuflyk Izefovych was negligent, as pled in ¶10, by failing to keep a proper lookout, failing to exercise due care while operating a tractor trailer, failing to make a timely and proper application of the brakes, failing to maintain a safe distance of travel, failing to yield to the Plaintiff's lawful right of way, and failing to obey the Uniform Rules of the Road for the State of Georgia.

12.

The Defendant Werner was negligent in entrusting the aforementioned tractor trailer to the Defendant Kuflyk Izefovych, hiring and retaining an unsafe employee, to wit: Defendant Kuflyk Izefovych, and by failing to perform regular maintenance inspections as required under State and Federal law.

13.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff was seriously injured, incurring costly and significant medical expenses in excess of $77,786.68 and lost wages in excess of $1.00.

14.

In addition to ¶13, the Plaintiff has endured and will continue to endure pain and suffering.

3

15.

As a result of Chief Justice Melton's First Order Declaring a Statewide Judicial Emergency[1] on March 14, 2020, all deadlines, including statutes of limitation, were tolled and/or extended until Chief Justice Melton's Fourth Order Extending the Statewide Judicial Emergency reinstated those deadlines on July 14, 2020.[2]

16.

According to the Chief Justice's Fourth Order and the Supreme Court's "Guidance on Tolling of Statutes of Limitation"[3], the 122-day period between March 14, 2020, and July 14, 2020 "shall be excluded from the calculation of that statute of limitation." (Fourth Order, p. 5.)

17.

As such, the applicable statute of limitation in this case would be extended from the original date of February 23, 2022, to June 22, 2022.

18.

The Plaintiff has a cause of action against the Defendant Kuflyk Izefovych for negligence and all other applicable theories of liability.

19.

The Plaintiff has a cause of action against the Defendant Werner for negligence, negligent entrustment, negligent hiring and retention, negligent maintenance, *respondeat superior*, and all other applicable theories of liability.

---

[1] https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf
[2] https://www.gasupreme.us/wp-content/uploads/2020/07/4th-SJEO-FINAL.pdf
[3] https://www.gasupreme.us/wp-content/uploads/2020/04/Guidance-for-Tolling-Statutes-of-Limitation-04_06_20.pdf

20.

In accordance with O.C.G.A. § 40-1-112, the Defendant Ace American Insurance Company, in being the insurance provider for Defendant Werner, a common/contract motor carrier, is directly actionable by the Plaintiff for the damages he sustained in the above referenced accident.

21.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, past and future pain and suffering, and all other damages as permitted by law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

## PLEASE HAVE THE SHERIFF SERVE THE DEFENDANTS AT THE FOLLOWING:

Kuflyk Izefovych
12103 Oakwood View Drive
Raleigh, NC 27614

Werner Enterprises, Inc.
Registered Agent: Corporate Creations Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30006

Ace American Insurance Company
Registered Agent: CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
**JBH**
**MAR 15, 2022 04:04 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

    Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Civil Action No. 22-SCCV-093964

## NOTICE OF SERVICE

Notice is hereby given that the service on the Defendant Kuflyk Izefovych has been perfected by serving a copy of the Complaint and Summons attached on the Georgia Secretary of State under the authority of O.C.G.A. Section 40-12-2 which is a part of the Georgia Non-Resident Motorist Act.

This 15th Day of March, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Attorney for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
MAR 15, 2022 04:04 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

    Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Civil Action No. 22-SCCV-093964

## NOTICE OF SERVICE

Notice is hereby given that the service on the Defendant Kuflyk Izefovych has been perfected by serving a copy of the Complaint and Summons attached on the Georgia Secretary of State under the authority of O.C.G.A. Section 40-12-2 which is a part of the Georgia Non-Resident Motorist Act.

This 15th Day of March, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Attorney for Plaintiff

THE DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441

⚓ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

     Plaintiff,

     Civil Action No. _____

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

---

**PLAINTIFF FIRST REQUEST FOR PRODUCTION TO
DEFENDANT ACE AMERICAN INSURANCE COMPANY**

---

COMES NOW, Plaintiff in the above-captioned case, and hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days for the date of service of this request.

1.

Any and all documents, inclusive of written or recorded statements or writings or memoranda made or prepared (whether manually, mechanically or electronically) by you (or your representative) in support of any allegation that you are not liable to Plaintiff for injuries or damages resulting from the collision.

2.

Any and all documents and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that Plaintiff should not recover those damages claimed in this lawsuit.

3.

Any and all tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between Plaintiff, his/her agents, representatives, servants or employees, and you, your agents, representatives, servants and/or employees, relating to the allegations in this lawsuit.

4.

Any and all documents identified by you in response to Interrogatories above.

5.

Any documents consisting of, evidencing, referring or relating to any communications, written or oral, by or between the named Defendants' agents, representatives, servants or employees, and you from the date of the collision made the basis of this lawsuit to the present time.

6.

A complete certified copy of every insurance policy, including all attachments, riders and addenda, issued by you which is or may be applicable to Plaintiff's claims.

7.

A copy of any damage appraisal and/or repair invoice regarding any vehicle involved in the subject accident, made subsequent to the collision.

8.

Any and all drawings, maps or sketches of the location of the collision that is the subject of this litigation.

9.

Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision which is the subject of this litigation, or any damages resulting therefrom.

10.

A copy of any movies, photos, videotapes, or pictures made of any relevant matter in this lawsuit, including any people, places or things involved in the accident.

11.

A copy of any tape-recorded conversations wherein Plaintiff is a participant in any such conversation.

12.

Any and all experts' reports, which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

13.

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

14.

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

15.

A curriculum vita or resume for each individual whom you may call as an expert witness at the trial of this case.

16.

All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

17.

With regard to any expert employed by you in this case, produce copies of the front and back of canceled checks evidencing payments made by you at any time for work performed by any such expert (whether testifying or consulting).

4

18.

All investigative and/or incident "reports" generated by or on your behalf.

19.

Copies of any witness fact statements (including statements made by Plaintiff or by the investigating officer) that are relevant to the collision.

20.

Pursuant to O.C.G.A. § 9-11-34  Plaintiff hereby requests copies of any and all documents obtained by you as a result of a non-party request for production of documents.

RESPOND AS REQUIRED BY LAW

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

     Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

Civil Action No. _____

---

### PLAINTIFF FIRST REQUEST FOR PRODUCTION TO DEFENDANT KUFLYK IZEFOVYCH

COMES NOW, the Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

1

NOTE B: As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days for the date of service of this request.

1.

In the event that Defendant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, Defendant's driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of your driving record for the past seven (7) years.  In lieu of providing this document, you may sign the attached authorization so that the Plaintiff may obtain this information directly from the Department of Public Safety.

3.

Please produce any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

4.

Please produce, as hereinabove requested, any and all accident reports concerning the subject accident, including any that were prepared by you or on your behalf.

5.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's vehicle.

6.

Please produce the title to the vehicle driven by the Defendant at the time of the subject accident, or the lease papers or contracts if said vehicle was not owned by Defendant.

7.

Please produce any and all equipment and maintenance records on the subject vehicle.

8.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

9.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made for the Plaintiff.

10.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

11.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or

reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time of the subject accident.

12.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

13.

Please produce any and all records for any mobile communications device that you had in your possession at the time of, or immediately prior to, the collision which forms the basis of Plaintiff's Complaint.

RESPOND AS REQUIRED BY LAW.


This 28th Day of February, 2022.


/s/ David Dozier_____
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff


THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

     Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

Civil Action No. _____

---

### PLAINTIFF FIRST REQUEST FOR PRODUCTION TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW, Plaintiff in the above-captioned case hereby requests defendant to produce and permit plaintiff, or someone acting on plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things herein below designated shall be made in the law offices of plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days for the date of service of this request.

1.

In the event that Defendant's employee, Kuflyk Izefovych, was licensed to operate a motor vehicle at the time of the incident referred to in the Complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, his driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce a copy of your employee, Kuflyk Izefovych's driving record for the past seven (7) years. In lieu of providing this document, you may have Mr. Izefovych sign the attached authorization so that the Plaintiff may obtain this information directly from the Department of Public Safety.

3.

Please produce all contents of the driver qualification file you are required to maintain under federal law for your employee, Kuflyk Izefovych.

4.

Please produce the results of the post-collision drug screen for your employee, Kuflyk Izefovych, which was required to be held under federal law.

5.

Please produce any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

6.

Please produce, as hereinabove requested, any and all accident reports concerning the subject accident, including any that were prepared by you or on your behalf.

7.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's vehicle.

8.

Please produce, as hereinabove requested, the title to the vehicle driven by the Defendant's employee, Kuflyk Izefovych, at the time of the subject accident, or the lease papers or contracts if said vehicle was not owned by Defendant.

9.

Please produce, as hereinabove requested, all equipment and maintenance records on the subject vehicle.

10.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

11.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made for the Plaintiff.

12.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

13.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by Defendant at the time of the subject accident.

14.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

RESPOND AS REQUIRED BY LAW.

*{Signature on Following Page}*

4

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

    Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Civil Action No. _____

---

## PLAINTIFF FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW, Plaintiff in this matter and requests Defendant, pursuant to O.C.G.A. §9-11-36(a), to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

1

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that at the time of the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, the Defendant Kuflyk Izefovych was an employee and/or agent of Werner Enterprises, Inc.

8.

Admit that at the time of the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, the Defendant Kuflyk Izefovych was acting within the course and scope of his employment.

9.

Admit that you were negligent in entrusting a tractor trailer to the Defendant, Kuflyk Izefovych.

10.

Admit that you were negligent by hiring and retaining Kuflyk Izefovych as an employee.

11.

Admit that your negligence in entrusting a tractor trailer to the Defendant, Kuflyk Izefovych, proximately caused some injury to Plaintiff.

12.

Admit that your negligence in entrusting a tractor trailer to the Defendant, Kuflyk Izefovych, proximately caused the injuries alleged in Plaintiff's Complaint.

13.

Admit that your negligence in hiring and retaining the Defendant, Kuflyk Izefovych, as an employee proximately caused some injury to Plaintiff.

14.

Admit that your negligence in hiring and retaining the Defendant, Kuflyk Izefovych, as an employee proximately caused the injuries alleged in Plaintiff's Complaint.

15.

Admit that the Defendant Kuflyk Izefovych was negligent in operating the tractor trailer during the February 23, 2020 motor vehicle collision which forms a basis for Plaintiff's Complaint.

16.

Admit that Kuflyk Izefovych's negligence proximately caused some injury to Plaintiff.

17.

Admit that the Defendant Kuflyk Izefovych's negligence proximately caused the injuries alleged in Plaintiff's Complaint.

18.

Admit that you are liable for the negligence of the Defendant, Kuflyk Izefovych, under the doctrine of *respondeat superior*.

19.

Admit that at the time of the subject motor vehicle collision, you are/were a common or contract motor carrier as defined by the Georgia Motor Carrier Act.

RESPOND AS REQUIRED BY LAW

*{Signature on Following Page}*

3

This 28th Day of February, 2022.

/s/ David Dozier _____
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

4

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

    Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Civil Action No. _____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY

COMES NOW, plaintiff in this matter and requests defendant, pursuant to O.C.G.A. §9-11-36(a), to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Venue is proper in Bibb County State Court.

1

5.

Admit that at the time of the February 23, 2020 tractor trailer collision, which forms the basis of Plaintiff's Complaint, the tractor trailer owned by the Defendant Werner Enterprises, Inc. was insured by you.

6.

Admit that at the time of the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, the tractor trailer owned by the Defendant Werner Enterprises, Inc., was being operated as a common/contract motor carrier as defined by the Georgia Motor Carrier Act in O.C.G.A. § 40-1-100.

7.

Admit that you are properly joined in this action pursuant to O.C.G.A. § 40-1-112.

8.

Admit that you are liable to the Plaintiff for the injuries sustained in the subject tractor trailer collision that occurred on February 23, 2020, in accordance with O.C.G.A. § 40-1-112.

RESPOND AS REQUIRED BY LAW

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
FEB 28, 2022 05:51 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

      Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

Civil Action No. _____

---

### PLAINTIFF FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KUFLYK IZEFOVYCH

COMES NOW, plaintiff in this matter and requests defendant, pursuant to O.C.G.A. §9-11-36(a), to admit the following in writing as required by statute:

### REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

1

6.

Venue is proper in Bibb County State Court.

7.

Admit that during the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, you failed to keep a proper lookout.

8.

Admit that your failure to keep a proper lookout caused the February 23, 2020 motor vehicle collision, which forms the basis of the Plaintiff's complaint.

9.

Admit that during the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, you failed to obey the Uniform Rules of the Road for the State of Georgia.

10.

Admit that your failure to obey the Uniform Rules of the Road for the State of Georgia caused the February 23, 2020 accident, which forms the basis of the Plaintiff's Complaint.

11.

Admit that during the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint, you failed to yield to the Plaintiff's lawful right of way.

12.

Admit that your failure to yield to the Plaintiff's lawful right of way caused the February 23, 2020 motor vehicle collision, which forms the basis of the Plaintiff's complaint.

13.

Admit that during the February 23, 2020 motor vehicle collision, which forms the basis of this present litigation, you failed maintain a safe distance of travel.

14.

Admit that your failure to maintain a safe distance of travel caused the February 23, 2020 motor vehicle collision, which forms the subject of the Plaintiff's Complaint.

15.

Admit that during the February 23, 2020 motor vehicle collision, which forms the basis of this present litigation, you failed to make a timely and proper application of the brakes.

16.

Admit that your failure to make a timely and proper application of the brakes caused the February 23, 2020 motor vehicle collision, which forms the subject of the Plaintiff's Complaint.

17.

Admit that you were negligent during the February 23, 2020 motor vehicle collision, which forms the basis of Plaintiff's Complaint.

18.

Admit that your negligence solely and proximately caused some injury to Plaintiff.

19.

 Admit that your negligence solely and proximately caused the injuries alleged in Plaintiff's Complaint.

20.

Admit that during the February 23, 2020 accident, which forms the basis for Plaintiff's Complaint, you were an employee and/or agent of Defendant Werner Enterprises, Inc.

21.

Admit that during the February 23, 2020 motor vehicle accident, which forms the basis for Plaintiff's Complaint, you were acting within the course and scope of your employment.

22.

Admit that the vehicle you were operating during the February 23, 2020 motor vehicle accident, which forms the basis for Plaintiff's Complaint, was and is used to move persons or goods for profit.

23.

Admit that during the February 23, 2020 motor vehicle accident, which forms the basis for Plaintiff's Complaint, Defendant Werner Enterprises, Inc. was and is engaged in the transportation of persons or property as a common or contract carrier.

RESPOND AS REQUIRED BY LAW

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
FEB 28, 2022 05:51 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

      Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

Civil Action No. _____

---

## 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), this is to certify that all parties to this action were served with copies of the *PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS,* and *PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS.*

Said service was made on the defendant by a deputy or other authorized agent of the Sheriff's Department of the County in which the defendant resides or by any other individual so authorized by the Georgia Civil Practice Act, and was served contemporaneously with a copy of the Complaint and Summons in a manner consistent with the requirements of O.C.G.A. § 9-11-4.

Respectfully submitted this 28th day of February, 2021.


THE DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

## STATE COURT OF_____**BIBB**_____COUNTY, GEORGIA

Date Filed 2/28/2022

Case No: 22-SCCV-093964

Tameka Crawford

**Plaintiff(s)**
**vs**

Kuflyk Izefovych, Werner Enterprises, Inc., and

Ace American Insurance Company

**Defendant(s) Name, Address**

**SPECIAL AGENT'S AFFIDAVIT OF
ENTRY OF SERVICE**

**Name & Address of Party To Be Served:**
Werner Enterprises, Inc.
Registered Agent: Corporate Creations
Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30006

**DATE OF SERVICE:**  3/2/2022

(This date must be written and clearly legible on def. /garnishee's copy)

[  ] **PERSONAL** Place of Service [  ] same as above; [  ] other, as follows: _____
I served this defendant with a copy of the action & summons:

[  ] **NOTORIOUS** I served Defendant by leaving a copy of the action and summons at the most notorious place of abode in the county:

Delivered the same to_____ described as follows: approximate age
years; approximate weight_____pounds; approximate height_____feet and_____inches, living at the residence of the
defendant.

[ ✓ ] **CORPORATION** Upon corporation  WeRNeR  ENTeRPRISes, INC.

By serving_____, in charge of the office and
place of business of the corporation in this county
By serving_____CONPORATE  CReATIONS  NeTWORK, INC., its registered agent.

[  ] **TACK & MAIL** I served the defendant by posting a copy to the door of the defendant's premises designated above in the affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory only)

[  ] **NON EST** Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.
Other:

(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.) I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this document which bore my printed name, exclusive of my signature under oath, upon the def./garnishee simultaneous with service of all documents connected with this action.(*Please use a blue ink which clearly indicates this is an original affidavit.*)
Sworn to before me this_____day of
_____, 20_____

Notary Public, my commission expires:/Clerk
Notary shall affix seal

Signature of Process Server (signed only before notary public/clerk)

Print Name: _____
(Must be clearly legible on **def./garnishee copy** to indicate who made service at the time service was made.)
___(Initial if applicable) I am designated as a Special Agent for Service of Process under a standing order of this Court.

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

     Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

Civil Action No. _____

---

## PLAINTIFF FIRST INTERROGATORIES TO DEFENDANT
## KUFLYK IZEFOVYCH

COMES NOW, the Plaintiff in the above-captioned case, and hereby requires that Defendant answer under oath and in writing the following interrogatories within 45 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

NOTE A: When used in these interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said Defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the Defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the

1

original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## GENERAL INFORMATION

### 1.

State your full name, birth date, marital status, social security number, and the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

### 2.

State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

### 3.

Identify each of your employers for the past five (5) years, the position and job duties you held with each such employer and the reason for your change of employment.

### 4.

If you have ever been arrested, state the date, place and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

### 5.

If, within the twelve (12) hour period immediately preceding the accident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

### 6.

Did you have a valid driver's license at the time of the subject accident and does it remain valid?  If so, were there any restrictions on said driver's license?

7.

If you have been involved in any other motor vehicle accidents, identify each accident by date, place, and how said accident occurred.

8.

If you have been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

9.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(A)     Name and address of company;

(B)     Limits of liability coverage;

(C)     Policy number; and

(D)     Named of insured.

**VEHICLE INFORMATION**

10.

Identify all owners and lessors of the tractor trailer you were operating at the time of the subject accident.

11.

If you were not the servant, agent or employee of the owner of the tractor trailer you were operating at the time of the accident, state the circumstances under which you were operating the vehicle at the time of the subject accident.

12.

How long had you operated this particular tractor trailer?

13.

When did you make the last inspection of the tractor trailer prior to the collision?

14.

If at any time between the last inspection prior to the subject accident and the date of the subject accident, the tractor trailer you were driving had any mechanical defects, state the nature of the defects.

15.

What was the extent of damage to the tractor trailer you were driving sustained as a result of the collision, giving the time of loss of use, cost of repair and who repaired the tractor trailer?


**WITNESS INFORMATION**

16.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

17.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

18.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

19.

Identify all persons who witnessed you consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject accident.

20.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

21.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

22.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

### COLLISION INFORMATION

23.

Where had you been prior to the subject accident, where were you going at the time of the subject accident, and what time were you due to arrive at your destination?

24.

What speed do you contend the tractor trailer in which you were driving was traveling at the time of the accident?

25.

State in detail your version of how the subject accident occurred, including what you did to avoid the accident, and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if it was moving.

26.

State the substance of every utterance made by you or to you at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

27.

If you received a citation of any sort as a result of this accident, state the nature of same, the dispositions made and the court involved.

28.

To your knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?  If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

29.

Were you familiar with the general area where this accident occurred?

30.

Identify every act by which you claim the Plaintiff unreasonably exposed himself to a foreseeable risk of injury.

31.

Identify every other act or event which supports each affirmative defense that you raise.

32.

Are you a member of a social networking website (i.e. Facebook, Myspace, Twitter, etc.)? If so, please identify the particular social networking website, your username, and whether your profile is public or private.

33.

At the time of the collision which forms the basis of Plaintiff's Complaint, were you in possession of a mobile communications device? If so, please state the type of device, the phone number associated with that device, and the provider.

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com



**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**

JBH
**MAR 16, 2022 11:00 AM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Control Number: SOPJ22059530A

# STATE OF GEORGIA
## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Kuflyk Izefovych**

have been filed with the Secretary of State on 03/01/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Tameka Crawford v. Kuflyk Izefovych
Court: State Court of Bibb County
Civil Action No.: 22SCCV093964

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/16/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 3/1/2022 1:53:52 PM

| FILING INFORMATION | |
| --- | --- |
| Filing Type | : Service of Process |
| Control Number | : SOP-22059530 |

**DEFENDANT INFORMATION**

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| Defendant Type | : Individual |
| --- | --- |
| Defendant's Name | : Kuflyk Izefovych |
| Defendant's Address Where Service Attempted and/or Forwarded | : 12103 Oakwood View Drive, Raleigh, NC, 27614, USA |

**STATUTORY AUTHORITY**

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

**CASE INFORMATION**

The service of process filing relates to the following proceeding:

| Name of Plaintiff | : Tameka Crawford |
| --- | --- |
| Style of Proceeding | : Crawford v. Izefovych, et al. |
| Civil Action Number | : 22SCCV093964 |
| Court | : State Court of Bibb County |

**SERVICE OF PROCESS DOCUMENTS**

See attached document(s).

**FILER's INFORMATION**

| Filer Type | : Individual |
| --- | --- |
| Name | : Sean Hickey |
| Address | : 487 Cherry Street, Macon, GA, 31202, USA |

**AUTHORIZER INFORMATION**

| Authorizer Name | : Sean Hickey |
| --- | --- |

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-093964

CRAWFORD, TAMEKA

**PLAINTIFF**

**VS.**

IZEFOVYCH, KUFLYK
WERNER ENTERPRISES, INC.
ACE AMERICAN INSURANCE COMPANY

**DEFENDANTS**

**SUMMONS**

TO: IZEFOVYCH, KUFLYK

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

>  **David Dozier**
>  **Dozier Law Firm**
>  **487 Cherry Street**
>  **Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of February, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
FEB 28, 2022 05:51 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

     Plaintiff,                    Civil Action No. _____

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

---

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Tameka Crawford, by and through her undersigned attorneys of record, and files this, his Complaint for Damages, and respectfully showing this Honorable Court the following:

### 1.

The Defendant Kuflyk Izefovych is a resident Wake County, North Carolina; however, he is subject to the venue and jurisdiction of this Court under O.C.G.A. § 9-10-33.

### 2.

The Defendant Werner Enterprises, Inc. (hereinafter referred to as "Werner") is a common/contract motor carrier, as defined by the Georgia Motor Carrier Act, that maintains its principal place of business in Omaha, Nebraska and at all times relevant to this Complaint for Damages, was and is a joint tortfeasor with the Defendant Kuflyk Izefovych, subjecting it to the venue and jurisdiction of this Court in accordance with O.C.G.A. § 14-2-510.

### 3.

The Defendant Ace American Insurance Company is a foreign insurance company that maintains a registered agent in Gwinnett County, Georgia, who at all times relevant to this

1

Complaint for Damages provided insurance to the Defendant Werner, a common/contract motor carrier, subjecting it to the venue and jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112, 40-1-117.

4.

Defendant Kuflyk Izefovych, at all times relevant to this Complaint for Damages, was and/or is the employee and/or agent of Defendant Werner.

5.

At all times relevant to this Complaint, Defendant Kuflyk Izefovych was acting within the course and scope of his employment or agency relationship with Defendant Werner.

6.

Defendant Werner is vicariously liable to Plaintiff for all damages sustained as a result of the negligence of the Defendant Kuflyk Izefovych under the doctrine of *respondeat superior*.

7.

At all times relevant to this Complaint for Damages, the tractor trailer that Defendant Kuflyk Izefovych was operating was and is used to move persons or goods for profit.

8.

Defendant Werner is engaged in the transportation of persons or property as a common motor carrier, as defined by the Georgia Motor Carrier Act.

9.

At all times relevant to this Complaint for Damages, the tractor trailer owned by the Defendant Werner and operated by the Defendant Kuflyk Izefovych was and is insured by Ace American Insurance Company.

10.

On or about February 23, 2020, on Spring Street at or near its intersection with Interstate 16 in Bibb County, Georgia, the Defendant Kuflyk Izefovych negligently operated a tractor trailer, proximately and foreseeably causing a collision with a vehicle in which the Plaintiff was a lawful and innocent passenger.

11.

The Defendant Kuflyk Izefovych was negligent, as pled in ¶10, by failing to keep a proper lookout, failing to exercise due care while operating a tractor trailer, failing to make a timely and proper application of the brakes, failing to maintain a safe distance of travel, failing to yield to the Plaintiff's lawful right of way, and failing to obey the Uniform Rules of the Road for the State of Georgia.

12.

The Defendant Werner was negligent in entrusting the aforementioned tractor trailer to the Defendant Kuflyk Izefovych, hiring and retaining an unsafe employee, to wit: Defendant Kuflyk Izefovych, and by failing to perform regular maintenance inspections as required under State and Federal law.

13.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff was seriously injured, incurring costly and significant medical expenses in excess of $77,786.68 and lost wages in excess of $1.00.

14.

In addition to ¶13, the Plaintiff has endured and will continue to endure pain and suffering.

15.

As a result of Chief Justice Melton's First Order Declaring a Statewide Judicial Emergency[1] on March 14, 2020, all deadlines, including statutes of limitation, were tolled and/or extended until Chief Justice Melton's Fourth Order Extending the Statewide Judicial Emergency reinstated those deadlines on July 14, 2020.[2]

16.

According to the Chief Justice's Fourth Order and the Supreme Court's "Guidance on Tolling of Statutes of Limitation"[3], the 122-day period between March 14, 2020, and July 14, 2020 "shall be excluded from the calculation of that statute of limitation." (Fourth Order, p. 5.)

17.

As such, the applicable statute of limitation in this case would be extended from the original date of February 23, 2022, to June 22, 2022.

18.

The Plaintiff has a cause of action against the Defendant Kuflyk Izefovych for negligence and all other applicable theories of liability.

19.

The Plaintiff has a cause of action against the Defendant Werner for negligence, negligent entrustment, negligent hiring and retention, negligent maintenance, *respondeat superior*, and all other applicable theories of liability.

---

[1] https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf
[2] https://www.gasupreme.us/wp-content/uploads/2020/07/4th-SJEO-FINAL.pdf
[3] https://www.gasupreme.us/wp-content/uploads/2020/04/Guidance-for-Tolling-Statutes-of-Limitation-04_06_20.pdf

20.

In accordance with O.C.G.A. § 40-1-112, the Defendant Ace American Insurance Company, in being the insurance provider for Defendant Werner, a common/contract motor carrier, is directly actionable by the Plaintiff for the damages he sustained in the above referenced accident.

21.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, past and future pain and suffering, and all other damages as permitted by law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

**<u>PLEASE HAVE THE SHERIFF SERVE THE DEFENDANTS AT THE FOLLOWING:</u>**

<u>Kuflyk Izefovych</u>
12103 Oakwood View Drive
Raleigh, NC 27614

<u>Werner Enterprises, Inc.</u>
Registered Agent: Corporate Creations Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30006

<u>Ace American Insurance Company</u>
Registered Agent: CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046

**PLAINTIFF AFFIDAVIT OF COMPLIANCE FOR
SERVICE OF PROCESS UPON NON-RESIDENT MOTORISTS**

I, Sean Hickey, the undersigned, am the attorney representing the Plaintiff in the case of:

> Tameka Crawford v. Kuflyk Izefovych, et al.
> State Court of Bibb County
> Civil Action No. 22-SCCV-093964

I do hereby certify that, in accordance with O.C.G.A. Section 40-12-2, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the complaint and process to the Defendant at the following address:

> Kuflyk Izefovych
> 12103 Oakwood View Drive
> Raleigh, NC 27614

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff and (2) this Plaintiff's affidavit of compliance.

This 1st Day of March, 2022.

Sean G. Hickey
GA Bar No. 298798
Attorney for Plaintiff

Sworn to and subscribed before
me this 1 day of March , 2022.

Notary Public, Bibb County, Georgia
My Commission Expires: 02/17/2026

ELIZABETH ROZIER
Notary Public, Georgia
Bibb County
My Commission Expires
February 17, 2026

**STATE COURT OF_____ BIBB _____COUNTY, GEORGIA**

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
MAR 03, 2022 09:42 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

Date Filed 2/28/2022

Case No: 22-SCCV-093964

Tameka Crawford

_____

_____

**Plaintiff(s)**
**vs**

Kuflyk Izefovych, Werner Enterprises, Inc., and

Ace American Insurance Company

_____

**Defendant(s) Name, Address**

**SPECIAL AGENT'S AFFIDAVIT OF
ENTRY OF SERVICE**

| Name & Address of Party To Be Served: |
|---|
| Ace American Insurance Company |
| Registered Agent: CT Corporation System |
| 289 S. Culver Street |
| Lawrenceville, GA 30056 |

**DATE OF SERVICE:** 3/2/2022          (This date must be written and clearly legible on def./garnishee's copy)

[ ] **PERSONAL** Place of Service [ ] same as above; [ ] other, as follows: _____
I served this defendant with a copy of the action & summons:

[ ] **NOTORIOUS** I served Defendant by leaving a copy of the action and summons at the most notorious place of abode in the county:
_____
Delivered the same to_____described as follows: approximate age
years; approximate weight_____pounds; approximate height_____feet and_____inches, living at the residence of the
defendant.

[✓] **CORPORATION** Upon corporation *Ace American Insurance Company*
By serving_____, in charge of the office and
place of business of the corporation in this county.
By serving    *CT Corporation System*    , its registered agent.

[ ] **TACK & MAIL** I served the defendant by posting a copy to the door of the defendant's premises designated above in the affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory only)

[ ] **NON EST** Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.
Other:

**(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)** I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this document which bore my printed name, exclusive of my signature under oath, upon the def./garnishee simultaneously with service of all documents connected with this action.*(Please use a blue ink which clearly indicates this is an original affidavit.)*
Sworn to before me this _____ day of
_____, 20 22

Notary Public, my commission expires:/Clerk
Notary shall affix seal.

Signature of Process Server (signed only before notary public/clerk)

Print Name: _____ *Michael A. Lewis* _____
(Must be clearly legible on **def./garnishee copy** to indicate who made service at the time service was made.)
_____(Initial if applicable) I am designated as a Special Agent for
Service of Process under a standing order of this Court.

## STATE COURT OF _____ BIBB _____ COUNTY, GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
MAR 03, 2022 09:42 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Date Filed 2/28/2022 _____

Case No: 22-SCCV-093964

**Plaintiff(s)**
**vs**

Kuflyk Izefovych, Werner Enterprises, Inc., and

Ace American Insurance Company

_____

**Defendant(s) Name, Address**

Tameka Crawford

**SPECIAL AGENT'S AFFIDAVIT OF ENTRY OF SERVICE**

**Name & Address of Party To Be Served:**
Werner Enterprises, Inc.
Registered Agent: Corporate Creations
Network, Inc.
2985 Gordy Parkway, 1st Floor
Marietta, GA 30006

---

**DATE OF SERVICE:** 3/2/2022        (This date must be written and clearly legible on def./garnishee's copy)

[ ] **PERSONAL** Place of Service [ ] same as above; [ ] other, as follows: _____
I served this defendant with a copy of the action & summons:

[ ] **NOTORIOUS** I served Defendant by leaving a copy of the action and summons at the most notorious place of abode in the county:
_____
Delivered the same to_____ described as follows: approximate age _____ years; approximate weight_____ pounds; approximate height_____ feet and_____ inches, living at the residence of the defendant.

[✓] **CORPORATION** Upon corporation _Werner Enterprises, Inc._

By serving_____, in charge of the office and place of business of the corporation in this county.
By serving _Corporate Creations Network, Inc._ (DALE STEPANCIK SUPERVISOR), its registered agent.

[ ] **TACK & MAIL** I served the defendant by posting a copy to the door of the defendant's premises designated above in the affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory only)

[ ] **NON EST** Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court. Other:

**(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)** I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this document which bore my printed name, exclusive of my signature under oath, upon the def./garnishee simultaneous with service of all documents connected with this action. *(Please use a blue ink which clearly indicates this is an original affidavit.)*
Sworn to before me this _____ day of _____ 20 22

_____
Notary Public, My commission expires _____ /Clerk
Notary shall affix seal

Signature of Process Server (signed only before notary public/clerk)

Print Name: _Michael A. Lewis_
(Must be clearly legible on **def./garnishee copy** to indicate who made service at the time service was made.)
_____ (Initial if applicable) I am designated as a Special Agent for Service of Process under a standing order of this Court.

**STATE COURT OF** _____ **BIBB** _____ **COUNTY, GEORGIA**

📱 **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
MAR 03, 2022 09:42 AM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

Date Filed 2/28/2022

Case No: 22-SCCV-093964

Tameka Crawford

_____

_____

**Plaintiff(s)**
**vs**

Kuflyk Izefovych, Werner Enterprises, Inc., and

Ace American Insurance Company

_____

**Defendant(s) Name, Address**

**SPECIAL AGENT'S AFFIDAVIT OF
ENTRY OF SERVICE**

┌─────────────────────────────────────────┐
**Name & Address of Party To Be Served:**
Ace American Insurance Company
Registered Agent: CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30056
└─────────────────────────────────────────┘

**DATE OF SERVICE:** 3/2/2022   (This date must be written and clearly legible on def./garnishee's copy)

[ ] **PERSONAL** Place of Service [ ] same as above; [ ] other, as follows: _____
I served this defendant with a copy of the action & summons:

[ ] **NOTORIOUS** I served Defendant by leaving a copy of the action and summons at the most notorious place of abode in the county:
_____
Delivered the same to_____described as follows: approximate age
years; approximate weight_____pounds; approximate height_____feet and_____inches, living at the residence of the defendant.

[✓] **CORPORATION** Upon corporation _Ace American Insurance Company_
By serving_____, in charge of the office and place of business of the corporation in this county.
By serving_ CT Corporation System _, its registered agent.

[ ] **TACK & MAIL** I served the defendant by posting a copy to the door of the defendant's premises designated above in the affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory only)

[ ] **NON EST** Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court. Other:

**(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)** I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this document which bore my printed name, exclusive of my signature under oath, upon the def./garnishee simultaneously with service of all documents connected with this action._(Please use a blue ink which clearly indicates this is an original affidavit.)_

Sworn to before me this _____ day of
_____, 20 22

_____
Notary Public, my commission expires:/Clerk
Notary shall affix seal

_____
Signature of Process Server (signed only before notary public/clerk)

Print Name: _MICHAEL A. LEWIS_
(Must be clearly legible on **def./garnishee copy** to indicate who made service at the time service was made.)

_____ (Initial if applicable) I am designated as a Special Agent for Service of Process under a standing order of this Court.

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

      Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

      Defendants.

Civil Action No. _____

---

### PLAINTIFF FIRST INTERROGATORIES TO DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW, the plaintiff in the above-captioned case, and hereby requires that defendant answer under oath and in writing the following interrogatories within 30 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonally supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the

1

original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## GENERAL INFORMATION

### 1.

State the names and addresses for any officers, directors, shareholders, agents, and employees of your company who reside in the county in which the above-captioned action is pending.

### 2.

State the address of your principal offices, and any offices you maintain within the State of Georgia.

### 3.

If, within the twelve (12) hour period immediately preceding the accident, your employee Kuflyk Izefovych, consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

### 4.

Did Kuflyk Izefovych, your employee who was driving the commercial motor vehicle owned by you at the time of this collision have a valid driver's license at the time of the subject accident and does it remain valid?  If so, were there any restrictions on said driver's license?

### 5.

If your company has been involved in any other motor vehicle accidents in the past ten years, identify each accident by date, place, and how said accident occurred.

6.

If your company has been a party to *any* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

7.

Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(A)     Name and address of company;

(B)     Limits of liability coverage;

(C)     Policy number; and

(D)     Named of insured.

**VEHICLE INFORMATION**

8.

Identify all owners and lessors of the vehicle which was operated by the Defendant Kuflyk Izefovych at the time of the subject accident.

9.

How long had this particular vehicle been in operation?

10.

When did you make the last inspection of the vehicle prior to the collision?

11.

If at any time between the last inspection prior to the subject accident and the date of the subject accident, the vehicle you owned which was involved in the subject accident had any mechanical defects, state the nature of the defects.

12.

What was the extent of damage sustained to the commercial motor vehicle you owned as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

**WITNESS INFORMATION**

13.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

14.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

15.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

16.

Identify all persons who witnessed the Defendant Kuflyk Izefovych consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject accident.

17.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

18.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

**COLLISION INFORMATION**

20.

Where had the vehicle you owned which was involved in the subject accident been prior to this collision, where was it going at the time of the subject accident, and what time was it due to arrive at its destination?

21.

What speed do you contend the commercial motor vehicle driven by your employee, Kuflyk Izefovych, was traveling at the time of the accident?

22.

State in detail your version of how the subject accident occurred, including what was done to avoid the accident, and whether at the first moment your employee, Kuflyk Izefovych, saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if it was moving.

23.

State the substance of every utterance made by your employee, Kuflyk Izefovych, or to him at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

24.

If your employee, Kuflyk Izefovych, received a citation of any sort as a result of this accident, state the nature of same, the dispositions made and the court involved.

25.

To your knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?  If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

6

26.

Was your employee, Kuflyk Izefovych, familiar with the general area where this accident occurred?

27.

Identify every act by which you claim the Plaintiff unreasonably exposed himself to a foreseeable risk of injury.

28.

Identify every other act or event which supports each affirmative defense that you raise.

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093964**
JBH
**FEB 28, 2022 05:51 PM**

*Patricia M. Graves*
Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TAMEKA CRAWFORD,

    Plaintiff,

v.

KUFLYK IZEFOVYCH, WERNER
ENTERPRISES, INC. and ACE AMERICAN
INSURANCE COMPANY,

    Defendants.

Civil Action No. _____

---

### PLAINTIFF FIRST INTERROGATORIES TO
### DEFENDANT ACE AMERICAN INSURANCE COMPANY

COMES NOW, the Plaintiff in the above-captioned case, and hereby requires that defendant answer under oath and in writing the following interrogatories within 30 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonally supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the

1

original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

1.

Please identify any and all policies of insurance issued by you or any company either related to or a subsidiary of you that issued a policy of insurance that applies or that may apply to the incident that forms the basis for the above-styled action, including policy numbers, types and limits of such coverage.

2.

If you are defending this case under a reservation of rights, please state in detail the reasons for such a reservation of rights and any factual information in your possession that supports a reservation of rights in this case.

3.

Please identify any and all individuals who have knowledge of any facts or circumstances of this occurrence, based on the best information you have available, please state the facts and circumstances you believe to be within the knowledge of each such person.

4.

Please identify each and every person whom you expect to call as an expert witness to testify in this case and as to each such person, state:

(a)     his or her qualifications as an expert, including his or her employer, title and/or position;

(b)     the subject matter on which the expert is expected to testify; and

(c)     the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

5.

Please identify each and every person, not previously identified, who, according to the best information you have available, you believe has knowledge of facts and circumstances relevant to this case.

6.

Have you obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit?  If so, please state the name of each person who gave such statement, when the statement was taken, who took the statement, and the form of the statement (oral, written, etc.).

7.

Do you have, or know of, any sketches, diagrams, photographs, motion pictures, maps, drawings, models, measurements, surveys, or other such matter having to do with the vehicle involved, the occurrence made the basis of this action or the scene of the occurrence?  If so, please describe the item and state who made or prepared it, and when it was made or prepared.

8.

Please identify any and all documentary or other tangible evidence, not previously identified, relevant to the issues presented in this case.

9.

Please enumerate the defenses that you contend should be urged and are to be urged by you in this case, if any, and furnish the factual basis upon which each of these defenses is based.

10.

Do you contend that Plaintiff acted in such a manner as to cause or contribute to the occurrence made the basis of this suit?  If so, please set forth each and every fact upon which your contention is based.

11.

If you contend that there are any policy defects or prerequisites to coverage that have not been met, please identify the specific defect or policy language which references any unmet coverage prerequisites and provide all factual predicates upon which your contentions as to policy defects or unmet prerequisites are based.

This 28th Day of February, 2022.

/s/ David Dozier
David Dozier
GA Bar No. 228898
Sean G. Hickey
GA Bar No. 298798
Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com